UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | CASE NO. 1:11-cv-01125-OWW-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR LACK OF FEDERAL JURISDICTION AND DENYING AS MOOT MOTION TO PROCEED *IN FORM PAUPERIS* |
| BRUCE R. BATTEN, et al., | |
| Defendants. | (Docs. 1 and 2) |

On July 7, 2011, Defendant Bruce R. Batten filed this action removing a Fresno County Superior Court unlawful detainer action (case No. 11CLCL00097) to this Court. Defendant has failed to include the Superior Court complaint, instead alleging claims under 42 U.S.C. § 1983 arising from the conduct of the foreclosure and eviction action against Plaintiff.

Plaintiff's constitutional claims are in the nature of an appeal from the state court's eviction order, based on alleged procedural improprieties. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). To challenge the order(s) or judgment(s) of the state court,

1

1  Plaintiff must file an appeal with the appellate division of the state court. *Feldman*, 460 U.S. at
2  482-86; *Rooker*, 263 U.S. at 415-16.   Ultimately, appellate jurisdiction of state court judgments
3  rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257.  A
4  federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in
5  the complaint are inextricably intertwined with the state court's decisions so that adjudication of
6  the federal claims would undercut the state ruling or require the district court to interpret the
7  application of state laws or procedural rules.  *Bianchi*, 334 F.3d at 898.  Put another way, a claim
8  is inextricably intertwined with a state court judgment if the federal claim succeeds only to the
9  extent that the state court wrongly decided the issues before it or if the relief requested in the
10  federal action would effectively reverse the state court's decision or void its ruling.  *Fontana*
11  *Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

12      This Court lacks subject matter jurisdiction over Plaintiff's claimed violations of
13  constitutional and other federally protected rights in connection with the state court's
14  adjudication of the eviction action.  Accordingly, Plaintiff's federal complaint must be dismissed.

15      Plaintiff has also moved to proceed *in forma pauperis* (Doc. 2).  Because this order
16  dismisses Plaintiff's complaint, the motion to proceed *in forma pauperis* is moot.

17      This action is **HEREBY DISMISSED** for lack of federal jurisdiction.

20  IT IS SO ORDERED.
21  **Dated:   July 11, 2011**            /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE